UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X  NOT FOR ELECTRONIC
                                                            OR PRINT PUBLICATION
ALVIN WILSON,

                Plaintiff,
   -against-                                            MEMORANDUM
                                                            AND ORDER
P.H.S. of C76 E.M.T.C, A1 E.T.A.L.,
GRVC 09-09 Hazen Street,                                    10-CV-1438 (ARR)

                Defendants.
----------------------------------------------------------X
Ross, United States District Judge:

On March 24, 2010, plaintiff Alvin Wilson, currently incarcerated at the Bellevue Hospital Prison Ward,[1] filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directs plaintiff to file an Amended Complaint within 30 days from the entry of this Memorandum and Order.

## Background

Plaintiff alleges that from November 2009 through December 2009, while detained at the GRVC and EMTC jails,[2] he was denied medical treatment for his "lung and liver tumor[s]." Compl. at 2-3. Plaintiff also alleges in passing that he filed property damage claims "against the city." He seeks "to enforce on the city to pay the amount of $951.98 also for pain and suffering $50,000 also to be treated in Bellevue . . .." Compl. at 5.

---

[1] At the time he filed the complaint, plaintiff was detained at the EMTC jail on Rikers Island. However, according to the New York City Department of Correction's website, plaintiff is currently imprisoned at the Bellevue Hospital Prison Ward. See http://a072-web.nyc.gov/inmatelookup (last visited 5/12/10).

[2] GRVC is the acronym for the George R. Vierno Center jail at 09-09 Hazen Street and EMTC is the acronym for the Eric M. Taylor Center jail at 10-10 Hazen Street which are both located within the Rikers Island Correctional Facility complex.

## Standard of Review

Pursuant to 28 U.S.C. § 1915A, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing *sua sponte* standard of review under §1915A for prisoners).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2d Cir. 2009). Although a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, it is still held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009).

## Discussion

To state a claim under § 1983 for deprivation of medical treatment, a prisoner must show that the defendant acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976); Caiozzo v. Koreman, 581 F.3d 63 (2d Cir. Sept. 22, 2009); Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). Prison officials may also be liable for delaying medical treatment to a prisoner where (1) the prisoner suffers from severe pain that obviously warrants prompt medical attention; (2) the prisoner makes multiple complaints of pain, Hathaway v. Coughlin, 37 F.3d 63, 68 (2d Cir. 1994); or (3) the prison officials withhold treatment in order to make the inmate suffer, see Archer v. Dutcher, 733 F.2d 14, 16-17 (2d Cir. 1984).

Here, plaintiff provides sparse facts and does not name the individual correction officer(s) or medical unit official(s) who delayed or denied him access to medical treatment. As an agency of the City of New York, the jails located at Rikers Island are part of the New York City Department of Correction and as such are not a suable entities. Lauro v. Charles, 219 F.3d 202, 205 n. 2 (2d Cir. 2000); McCray v. New York City Police Dep't, No. 99-CV-7035, 2008 WL 207845, at *1 (E.D.N.Y. Jan. 24, 2008) (citing cases). Instead, to state a claim under § 1983, plaintiff must name the individual correction officers or medical unit personnel at EMTC and GRVC who allegedly denied or delayed medical care in violation of his civil rights and provide all relevant facts and dates. Plaintiff's claims against the defendants currently named are, therefore, dismissed for failure to state a claim. 28 U.S.C. § 1915A(b).

### Leave to Amend

The court, however, grants plaintiff leave to amend the complaint in order to name the proper defendants and to provide a statement of claim to support that he was denied or delayed medical care in violation of his civil rights. See Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (per curiam) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

Plaintiff is advised that as a prerequisite to a damage award, he must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. Therefore, plaintiff must allege facts in the statement of claim demonstrating the personal involvement of each defendant named in the Amended Complaint. If plaintiff cannot identify the individual defendant(s) within the time allowed in this order, he may designate the individual as John Doe #1, along with descriptive information. For example, *Correction Officer John Doe #1 on duty (date and time) at Rikers Island, EMTC Jail.*

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as to defendants PHS of C76 EMTC and GRVC. 28 U.S.C. § 1915A(b). No summons shall issue as to these defendants.

In light of plaintiff's subsequent placement at the Bellevue Hospital Prison Ward, there may be no reason to proceed with the case. However, if plaintiff elects to file an Amended Complaint, it shall be captioned "AMENDED COMPLAINT" and bear the docket number 10-CV-1438 (ARR) and shall be filed within 30 days from the entry of this Memorandum and Order. All further proceedings shall be stayed for 30 days or until plaintiff has complied with this order. If plaintiff fails to file an Amended Complaint within the time allowed or show good cause why he cannot comply, judgment dismissing this action without prejudice shall be entered and the case shall be closed.

The Clerk of Court is directed to mail a copy of the order to Plaintiff's Rikers Island address and also to **Alvin Wilson, 4410912489, Bellevue Hospital Prison Ward, 462 First Avenue, New York, NY 10016**. Plaintiff is advised that he must notify the court of his current mailing address and of any future changes made to that address. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: May 18, 2010
Brooklyn, New York