UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ALVIN WILSON,

                Plaintiff,

-against-

The Medical Unit Officials at the George R.
Vierno Center Jail at 09-09 Hazen Street
in their individual capacity on duty 12/21/09,
12/31/09, 1/21/10, 1/14/10 all JOHN DOES;
three JOHN DOES at the George R. Vierno
Center intake area officers in their individual
capacity; Medical Unit Official at Eric M.
Taylor Center on duty JOHN DOES in their
individual capacity at Rikers Island Correctional
Facility Complex,

                Defendants.
----------------------------------------------------------X

10-CV-1438 (ARR) (RML)

MEMORANDUM
AND ORDER

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

Ross, United States District Judge:

        On March 24, 2010, plaintiff Alvin Wilson, currently incarcerated at the Eric M. Taylor Center ("EMTC") on Rikers Island, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging the denial and or delay of medical treatment while imprisoned at various jails on Rikers Island. By order dated May 18, 2010, the court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismissed the complaint against defendants PHS of C76 EMTC and GRVC and directed plaintiff to file an Amended Complaint within 30 days from the entry of this Memorandum and Order.

        On January 15, 2010, plaintiff filed an amended complaint identifying several medical unit officials and correction officers as John Does and as personally involved in the denial of medical treatment and excessive force. Plaintiff also provided physical descriptions of some of the correction officers and the dates and locations where each alleged event occurred; specifically, December 21, 2009, December 31, 2009, January 21, 2010 and January 14, 2010.

The court concludes that plaintiff states sufficient facts to allow his claims of denial of medical treatment and excessive force to proceed against the John Doe medical unit officers and correction officers. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (*pro se* pleading must be construed liberally). However, the United States Marshals Service will not be able to serve the John Doe defendants without further identifying information. The problem encountered by plaintiff is a common one, as it is frequently difficult for incarcerated *pro se* litigants to identify individual officers. In Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Second Circuit made clear that a *pro se* litigant is entitled to assistance in identifying a defendant.

Therefore, the court requests that Corporation Counsel ascertain the full names and service addresses of the John Doe defendants employed at Rikers Island as set forth in plaintiff's amended complaint. Corporation Counsel is hereby requested to produce the information specified above within 45 days from the date of this Memorandum and Order. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in Valentin. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full name of the John Doe defendants, a summons shall be issued and the court shall direct service on the defendants.

## Conclusion

Accordingly, the amended complaint shall proceed. A copy of this order, plaintiff's amended complaint and *in forma pauperis* application shall be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division. Corporation Counsel is directed to assist plaintiff in identifying the John Doe defendants as set forth above. The case is referred to the Honorable Robert M. Levy, United States Magistrate Judge, for pretrial

supervision. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis status* is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                  Allyne R. Ross
                                                                  United States District Judge

Dated: June 28, 2010
       Brooklyn, New York

Service List:

Plaintiff (pro se)

Alvin Wilson
# 4410912489
Eric M. Taylor Center
10-10 Hazen Street
East Elmhurst, NY 11370

Second Address:
Alvin Wilson
Bellevue Hospital Prison Ward
462 First Avenue
New York, NY 10016

Defendants:

Corporation Counsel for the City of New York
Special Federal Litigation Division
100 Church Street
New York, NY 10007