FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 27 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

ALVIN WILSON,

              Plaintiff,

  -against-

The Medical Unit Officials at the George R. Vierno Center
Jail at 09-09 Hazen Street in their individual capacity on
duty 12/21/09, 12/31/09, 1/14/10 all JOHN DOES; three
JOHN DOES at the George R. Vierno Center intake area
officers in their individual capacity; Medical Unit Official at
Eric M. Taylor Center on duty JOHN DOES in their
individual capacity at Rikers Island Correctional Facility
Complex,

              Defendants.

------------------------------------------------------------------

10-CV-1438 (ARR) (RML)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

ORDER & OPINION

ROSS, United States District Judge:

      On March 24, 2010, plaintiff Alvin Wilson ("plaintiff"), then incarcerated at the Eric M. Taylor Center ("EMTC") on Rikers Island, filed this pro se action pursuant to 42 U.S.C. § 1983 alleging excessive force by corrections officers and the denial and/or delay of medical treatment while imprisoned at various jails on Rikers Island.[1] By order dated May 18, 2010, the court granted plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, dismissed the complaint against defendants PHS of C76 EMTC and GRVC, and directed plaintiff to amend his complaint. Dkt. No. 3. Plaintiff thereafter filed an amended complaint identifying several medical unit officials and correction officers as personally involved in the denial of medical treatment and use of excessive force, respectively. Dkt. Nos. 10, 11. The court concluded that

---

[1] Since the filing of this suit, plaintiff was, for at least a brief period, transferred to the Bellevue Hospital Prison Ward. Sometime thereafter, he was briefly released from custody. He appears to have been incarcerated at Rikers Island again for some time during 2011 and is now in custody at the Mid-State Correctional Facility in Marcy, New York. See http://nysdocslookup.docs.state.ny.us/kinqw00 (last visited 12/13/11).

1

plaintiff's amended complaint stated sufficient facts to allow plaintiff's claims to proceed[2] and asked Corporation Counsel to ascertain and provide the names and addresses of the John Doe defendants so they could be served. Dkt. No. 9. Pursuant to this order, Corporation Counsel provided the names of the Rikers Island medical providers ("defendants") to plaintiff and, with respect to those defendants, moved for dismissal of the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, in the alternative, for summary judgment under Rule 56.[3] For the reasons stated below, defendants' motion to dismiss is granted.

## BACKGROUND

Plaintiff is a former inmate of Rikers Island who was released from custody in October 2010. In his amended complaint,[4] plaintiff brings claims against two groups of defendants who allegedly violated his civil rights during his period of detention: (1) John Doe correction officers and (2) Rikers Island medical providers. Plaintiff claims that the correction officers threatened to harm plaintiff physically, assaulted plaintiff, and interfered with his ability to seek medical attention. In his claims against the medical providers, plaintiff alleges that, while detained at the George R. Vierno Center ("GRVC") and the EMTC, he was deprived of adequate medical treatment. These medical-related claims are the subject of the instant order.

---

[2] The court made this determination after screening the complaint pursuant to 28 U.S.C. § 1915A. Such an initial screening does not preclude a later dismissal of the complaint, in whole or part, under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Cusamano v. Sobek, 604 F. Supp. 2d 416, 434-35 (N.D.N.Y 2009).

[3] Corporation Counsel indicated that the following individual medical providers were still employed at Rikers Island as of July 23, 2010: Valsa Madhava, Jean Claude Permier, Habab Kamkhaji, Roberto Deguzman, and Youself Mahadin. Dkt. No. 12. After the court ordered plaintiff to serve the medical professionals, plaintiff mailed a copy of the complaint to the identified providers. Defs.' Mem. ¶ 7.

[4] As per the minute entry of November 17, 2010, the amended complaint consists of docket entries 10 and 11. Plaintiff has since filed a document styled as an "amended complaint" against doctors at the Otis Bantum Correctional Center North Facility ("OBCC"). See Dkt. No. 34. That document consists solely of an inmate grievance complaint listing medications to which plaintiff claims entitlement and asking that plaintiff be sent to Bellevue Hospital for follow-up care on various problems. Id. Because plaintiff's purported amendment pleads no facts capable of showing that he suffered a civil rights deprivation, the court dismisses these claims against the OCCB doctors. Insofar as the claims are not identical in kind to those dismissed infra, the dismissal is without prejudice. See 28 U.S.C. § 1915A (requiring that the court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss any portion that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

In setting forth the factual background relevant to the order, the court is cognizant that the case comes to it on a motion to dismiss and that defendants have requested alternative relief in the form of summary judgment. In considering a Rule 12(b)(6) motion to dismiss, a court is usually restricted to reviewing only the allegations in the complaint. However, "[i]n certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6)." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). Namely, it may consider documents that are attached to the complaint or incorporated by reference, as well as documents upon which the complaint solely relies and is integral to the complaint. Id.;. Youssef v. Halcrow, Inc., No. 11-Civ.-2283, 2011 U.S. Dist. LEXIS 127638 (S.D.N.Y. Nov. 1, 2011). The court may also deem a complaint to include "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000). Should it consider other matters outside the pleadings, the court must treat the motion as one for summary judgment under Rule 56 and must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). In assessing whether such a reasonable opportunity was afforded, "[t]he essential inquiry is whether the [non-moving party] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." In re G. & A. Books, Inc., 770 F.2d 288, 294-295 (2d Cir. 1985); see Sahu v. Union Carbide Corp., 548 F.3d 59, 66-70 (2d Cir. 2008).

In his amended complaint, plaintiff alleges that, while he was incarcerated at Rikers Island, defendants were deliberately indifferent to his medical conditions, causing him injury and pain and suffering in violation of his constitutional rights. Dkts. No. 10, 11. Plaintiff lists

3

maladies from which he allegedly suffers—including kidney disease, gallbladder problems, liver cysts and tumors, diabetes, and Hepatitis C—and alleges that he was denied treatment for various tumors and liver cancer. Id. Plaintiff further claims that he was physically threatened by the GRVC "in all of these refusal [sic] of treatment." Dkt. No. 10 at 4. He asks for monetary relief to compensate him for pain and suffering and medical expenses. He also requests that he be sent to Bellevue Hospital for a second opinion and exploratory surgery on his liver and gallbladder.

In support of his claims of insufficient care, plaintiff's complaint references abdomen ultrasound reports that plaintiff received while incarcerated at Rikers Island. Dkt. No. 10. Although he did not attach the results of these tests to his amended complaint, he has since filed these ultrasound reports with the court as attachments to other filings. Because they are explicitly cited in plaintiff's complaint, the court shall deem the ultrasound reports incorporated by reference and shall consider them in assessing defendants' motion to dismiss. See Roth, 489 F.3d at 509. The reports, spanning a period from December 2009 to June 15, 2010,[5] indicate that plaintiff was diagnosed with hepatic and renal cysts but that his kidneys, liver, and gallbladder were otherwise unremarkable. Dkt. No. 44-3. They indicate that no hepatic or kidney masses were found, and one of the reports indicates that plaintiff has a history of liver cancer. Id.

In another document filed in support of his complaint, plaintiff attaches a lab report indicating that plaintiff was given an Alpha Fetoprotein tumor marker test ("AFP test") and that the results were "normal." Dkt. No. 41-2. It is clear that plaintiff knew about the document, and he appears to have relied on it in bringing about his complaint. See Rothman, 220 F.3d at 88. Indeed, the complaint does not make much sense without consideration of this document,

---

[5] Plaintiff has also attached a report dated March 15, 2011, which post-dates plaintiff's October 2010 release and appears to correlate with a subsequent incarceration at Rikers Island. The court shall not consider this report when reviewing the sufficiency of plaintiff's claims. It post-dates plaintiff's amended complaint, so it cannot be viewed as incorporated by reference. Additionally, it appears to correlate with plaintiff's subsequent incarceration at the OBCC; and, as discussed supra in note 4, plaintiff has not stated a valid claim against medical practitioners there.

together with the ultrasound reports. In his complaint, plaintiff alleges that his care was inadequate and asks for relief in the form of a second medical opinion and exploratory surgery. Plaintiff does not, however, explicitly state what the initial medical opinion he received was, i.e., that he did not have cancer. The AFP test fills in this pleading gap. The court therefore finds that plaintiff relied on this document in bringing his action and that it may properly consider it in assessing defendants' motion to dismiss. See Bath Petroleum Storage, Inc. v. Market Hub Partners, L.P., 129 F. Supp. 2d 578, 581 (W.D.N.Y. 2000) (finding it proper to consider documents of which plaintiff had notice and upon which plaintiff relied in bringing an action); see also Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009) (stating court must construe pro se complaint liberally).[6]

However, the court declines to consider the full medical records of plaintiff's treatment at Rikers Island, which defendants have included as an exhibit to their motion. Because, as explained below, the court grants defendants' motion to dismiss on the basis of the pleadings and the limited reports on which the amended complaint relies, it is unnecessary to assess whether plaintiff "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment" and to consider the full history submitted by defendants. In re G. & A. Books, 770 F.2d at 294-95; see Sahu, 548 F.3d at 66-70; Balkanli v. City of New York, No. 07-CV-2204, 2009 U.S. Dist. LEXIS 40633 at *8-13 (E.D.N.Y. May 14, 2009).

---

[6] The court finds that it is also proper to consider the ultrasound and APF test results insofar as these documents were attached to papers opposing dismissal and proposing to amend plaintiff's complaint. In exercising its obligation to construe liberally the pleadings of pro se plaintiffs, the court may consider facts set forth in plaintiff's opposition papers. See Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (considering plaintiff's affidavit submitted in opposition to motion to dismiss in reviewing whether pro se plaintiff had adequately pled a Section 1983 claim); Mayes v. New York City Police Dep't, No. 10-Civ.-1690, 2011 U.S. Dist. LEXIS 60465 (S.D.N.Y. June 6, 2011) ("[T]he Court may consider the facts set forth in [pro se plaintiff]'s opposition to the present motion as support for his claims without converting a motion to dismiss into a motion for summary judgment."). The court may also properly treat filings that are made in conjunction with an opposition to a dismissal motion as an attempted amendment to the complaint. See Ajlani v. Chertoff, 545 F.3d 229, 235 (2d Cir. 2008) (stating that the court had reasonably treated pro se plaintiff's expanded prayer for relief, made in opposing defendant's motion to dismiss, as a proposed amendment to the original complaint).

5

## DISCUSSION

### I. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2d Cir. 2009). In assessing facial plausibility, the court must accept as true all factual allegations in the complaint and any documents properly considered with it, and it must draw all reasonable inferences in favor of the non-moving party. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). Legal conclusions, however, are not afforded the same presumption of truth, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949-50. Although still subject to the facial probability standard, a pro se complaint must be construed liberally and is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996); Hidalgo v. Kikendall, No. 09-Civ-7536, 2009 U.S. Dist. LEXIS 66020, at *7-8 (S.D.N.Y. July 22, 2009).

### II. Plaintiff Fails to State a Plausible Claim against Defendant Medical Providers

Plaintiff alleges that defendants were deliberately indifferent to his medical conditions, causing him injury and pain and suffering in violation of his constitutional rights. Section 1983 provides a civil cause of action against a person who, acting under the color of state law, deprives another of any of the rights, privileges, or immunities secured by the Constitution and its laws. 42 U.S.C. § 1983. Where, as here, a prisoner claims that he has been unconstitutionally

denied medical care, his Section 1983 claim is predicated on an alleged violation of the Eight Amendment, which prohibits the infliction of cruel and unusual punishment on those convicted of crimes and "imposes a duty upon prison officials to ensure that inmates receive adequate medical care." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006); U.S. Const. amend. VIII. To state a cognizable claim of medical mistreatment under Section 1983, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). This deliberate indifference standard includes both an objective and a subjective element. See United States v. Walsh, 194 F.3d 37, 48 (2d Cir. 1999) (citing Hudson v. McMillian, 503 U.S. 1, 7-8 (1992)); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). The objective element requires plaintiff to show that he was "actually deprived of adequate medical care" and that "the inadequacy of medical care [wa]s sufficiently serious." Salahuddin, 467 F.3d at 279-280 (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). The subjective element demands a showing that the defendant acted with a sufficiently culpable state of mind, namely, that he was deliberately indifferent to plaintiff's health. Id. at 280. "This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." Id.

 Here, plaintiff's claims, even liberally construed, do not state a plausible claim upon which relief can be granted. As an initial matter, plaintiff fails to plead any specific act or omission taken by any of the individual defendant medical providers, and "[a]n individual defendant is not liable under § 1983 absent personal involvement." Hidalgo, 2009 U.S. Dist. LEXIS 66020 at *8. Even were plaintiff given leave to amend his complaint to rectify this pleading deficiency, however, it is clear that his claims would warrant dismissal.

 In his amended complaint, plaintiff asserts that he has been diagnosed with cancerous and

7

pre-cancerous tumors and that he suffers pain as a result thereof. Because the court must accept as true these factual allegations in considering a Rule 12(b)(6) motion to dismiss, it finds that plaintiff has adequately pled that he suffered a serious medical condition. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) ("The standard for Eighth Amendment violations contemplates 'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'") (quoting Hathaway, 37 F.3d at 66)). However, plaintiff has failed to allege acts or omissions suggestive of deliberate indifference to this condition on the part of plaintiff's medical providers. Indeed, plaintiff's pleadings and the documents referenced therein show that, while incarcerated, plaintiff was regularly monitored for cancer and was repeatedly found to have non-cancerous cysts. That doctors did not substantiate plaintiff's assertion that he had cancer does not mean that they were deliberately indifferent to the claimed condition.

Contesting the accuracy of defendants' diagnosis, plaintiff asks the court to order that he receive a second opinion and exploratory surgery, but "[i]t is well established that a difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference." Joyner v. Greiner, 195 F. Supp. 2d 500, 504 (S.D.N.Y. 2002); see Chance, 143 F.3d at 703 ("[M]ere disagreement over the proper treatment does not create a constitutional claim."). Plaintiff's claims assert, at most, negligence or malpractice on the part of Rikers Island medical practitioners and are insufficient to sustain a Section 1983 civil rights claim. See Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Because such negligence-based claims fail as a matter of law, amendment would be futile, and plaintiff's claims are

dismissed with prejudice.

## CONCLUSION

Defendant's motion to dismiss [Dkt. No. 46] is granted, and plaintiff's claims against medical practitioner defendants are dismissed with prejudice.[7] Plaintiff's motion to amend the caption [Dkt. No. 44] is denied without prejudice to file a new motion in conformity with this order. The case shall return to the Honorable Robert M. Levy, Magistrate Judge, for continued pretrial supervision. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated:  December 23, 2011
        Brooklyn, New York

---

[7] To the degree that plaintiff seeks to bring state-law claims for medical malpractice, the court declines to exercise supplemental jurisdiction over them. See 28 U.S.C. § 1367(c)(3).

9

SERVICE LIST:

**Plaintiff:**

Alvin Wilson
# 11-R-2367
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403